PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MARIO BEAUCHAMP, Defendant and Appellant.

No. 3530. Argued November 22, 1928.—Decided December 20, 1928.

*Angel A. Vázquez* and *J. Alemañy Sosa* for the appellant. *José E. Figueras* for the appellee.

Mr. Justice Texidor delivered the opinion of the court.

Mario Beauchamp was tried before a jury in the District Court of Mayagüez on an information filed by the district attorney charging that under promise of marriage he had seduced Altagracia Irizarry, a maid of reputed chastity, by having sexual intercourse with her.

The jury found a verdict of guilty against defendant Mario Beauchamp and the court sentenced him to one year in the penitentiary at hard labor. This appeal was taken from the judgment.

The appellant assigns as errors (1) that the evidence was not sufficient to support the judgment and (2) that the instructions to the jury were erroneous and influenced them in bringing in a verdict of guilty.

In arguing the first assignment it is contended by the appellant that there was no proof that Altagracia Irizarry was single, or that she was reputed to be chaste, or that the seduction was accomplished under promise of marriage.

It is true that the offended woman gave no testimony on the question of her maidenhood, but Norberta Vargas, her mother, testified that Altagracia was single and from the testimony of witnesses Olivencia and Mercader, who referred to her as "Miss," it is deduced that she was not married, albeit this was sufficiently proved by the testimony of a single credible witness.

In *People* v. *Rodríguez,* 11 P.R.R. 225, this court expressed itself as follows:

"The words 'a young girl' and 'an unmarried woman' are synonymous for the purposes of this case, and we must assume that the young girl here in question is unmarried, because, had she been married, the defendant could have proved this fact, which would have constituted a good defense. We so held in the case of *The People*

*of Porto Rico* v. *Francisco Córdova,* in which the opinion of this court was delivered by Mr. Justice MacLeary.''

The doctrine that it may not be necessary to prove the unmarried condition of the offended woman is not applicable here. That ''the burden is on The People of Porto Rico to prove that the female was unmarried at the time of the commission of the crime'' was held by this court in *People* v. *Ramos,* 29 P.R.R. 19. It would not be required to prove that condition by other means than the testimony of witnesses who corroborate the presumption of maidenhood. If for the purpose of good pleading the expression ''a young woman'' is sufficient as synonymous with ''an unmarried woman,'' there is no doubt that the current and constant acceptation of the word ''Miss,'' which in common and daily use is applied exclusively to an unmarried woman, should be taken into account in weighing the evidence.

The reputation for chastity was supported by the testimony of Santiago Mercader and Fernando Olivencia. The defendant submitted evidence to show that Altagracia Irizarry used to go to picture shows or for walks with some young men and that one night she went with Gerónimo Baltazare to a place on the beach where they sat down and Baltazare was disposed to have sexual intercourse with Altagracia to which she did not object seriously, but at that moment an automobile appeared and threw its light on them and nothing further happened. The owner of the car testified that on the night referred to by the other witness at about eight o'clock he went to the beach in his automobile and saw Altagracia and Baltazare behind Arnaldo's house talking; that this was in the month of March, 1927; that at first he did not see her well, but saw her face later. The other witnesses for the defense testified that Altagracia used to go out with Rafael Suárez and with Baltazare, but referred at times to an occasion subsequent to that fixed in the evidence for the prosecution as the time of the seduction and

at others to a previous time. One of the witnesses testified that he had been Altagracia's lover and that sometimes she agreed to go to a picture show or for a walk with him and then went with Beauchamp or Suárez. He showed some signed photographs of Altagracia and said that she had given them to him in March or April. Altagracia testified later that she gave those photographs to Beauchamp.

If the evidence was contradictory the jury decided conscientiously in favor of the offended woman.

There is no doubt that the jury had absolute authority to weigh the evidence and to adjust the real or apparent contradictions therein in this case as in any other.

It is well to remember here that in a case involving the reputation of a woman the fact that some witnesses testified that she did not merit their best opinion while others said that she enjoyed a good reputation, without any of them imputing to her acts which would openly impeach her honesty, is not sufficient for finding that she was not reputed to be chaste. (*People* v. *Cabranes,* 7 P.R.R. 297). And even in a case in which the defendant has presented evidence to show that the offended woman had had relations with a man and lived with him as his concubine the jury had a right to believe or not that evidence and committed no error in not believing it.

The appellant has assigned as erroneous the instruction given by the judge to the jury on chastity as follows:

"Chastity in the case of an unmarried woman means that she is a virgin, and whatever the previous familiarities, liberties and so forth, and no matter how far they went, permitted by her, so long as she did not surrender her body to seduction by the defendant under promise of marriage, it can not be deduced therefrom that she was not a chaste woman or that she was not an unmarried woman with a previous chaste character, within the meaning of the statute."

We agree that the instruction was erroneous, in part at least. It has been held that it is not necessary to prove that

the offended woman was a virgin when the crime was committed. (*People* v. *Santos*, 8 P.R.R. 348; *People* v. *Millán*, 27 P.R.R. 787.) But the instruction so given was not prejudicial to the rights of the defendant and made it necessary for The People to prove that the offended woman was a virgin when the offense was committed. The error was not prejudicial to the appellant.

As regards the promise of marriage and its influence on the consent of the woman, it is necessary to differentiate between the proof of the promise as a fact that may be known to a person other than the offended woman and the influence of that promise on the recipient thereof, as something which is purely personal and which does not extend to others. For this reason a corroboration of the testimony of the offended woman as to the promise becomes a possible necessity. In the present case Altagracia Irizarry testified affirmatively in regard to the promise given prior to her surrender, and her testimony is corroborated by that of Julia Josefa Rosas and by the letter written by Beauchamp to Altagracia informing her that he no longer was bound by promises.

In *People* v. *Santos*, 8 P.R.R. 348, this court held that in cases of this kind the evidence will be considered sufficient when the circumstances are such as to justify the conclusion or belief that the act would not have been committed except under promise of marriage, and if it appears that the defendant visited the house of the offended woman as her lover and that the family considered that a promise of marriage existed between them and such fact has not been contradicted by any circumstances, that will be sufficient for finding that the seduction was committed under promise of marriage.

We do not find that the errors assigned by the appellant were committed.

The judgment appealed from must be affirmed.